UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FABIAN YANEZ

v.   Case No.: 8:12-cv-885-T-24-EAJ
    8:11-cr-169-T-24-EAJ

UNITED STATES OF AMERICA

_____/

## ORDER

This cause comes before the Court on Petitioner Fabian Yanez's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (CV Doc. No.1; CR Doc. No. 34).   The Government filed a response, and Petitioner filed a reply.  (CV Doc. No. 4, 5).  The Court held an evidentiary hearing on September 28, 2012 on one of the issues raised in the § 2255 motion—that counsel was ineffective for failing to file an appeal after being requested to do so.  As explained below, the Court denies Petitioner's  § 2255 motion in its entirety.

## I.  Background

On September 2, 2011, Petitioner pled guilty to Count One of the Indictment, which charged him with conspiring to distribute, and possess with intent to distribute, five kilograms or more of cocaine.  (CR Doc. No. 21).  Petitioner pled pursuant to a plea agreement. The plea agreement contained a waiver of his right to appeal or collaterally attack his sentence.[1]

At the change of plea hearing conducted on September 6, 2011, the magistrate judge instructed the prosecutor to read the portions of the plea agreement germane to the waiver, and

---

[1] Petitioner's plea agreement stated that he "expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground" unless the sentence exceeded the applicable sentencing guidelines, the sentence exceeded the statutory maximum penalty, or the sentence violated the Eighth Amendment to the United States Constitution.

the prosecutor did so in full. (CR Doc. No. 37, p. 11-12). The magistrate judge explained to Petitioner that the appeal waiver would prevent him from raising an ineffective assistance of counsel claim on appeal. (CR Doc. No. 37, p. 13). The magistrate judge also asked Petitioner whether he spoke with his attorney about the waiver, whether he understood the waiver, and whether he was making the waiver knowingly and voluntarily; Petitioner responded yes to all of these inquiries. (CR Doc. No. 37, p. 13-14).

On November 23, 2011, Petitioner was sentenced to 120 months of imprisonment, a statutory minimum mandatory sentence. (CR Doc. No. 32). No direct appeal was filed. On April 23, 2012, Petitioner timely filed the instant § 2255 motion.

**II. Motion to Vacate Sentence**

Petitioner sets forth three grounds for relief in his § 2255 motion. Specifically, he argues: (1) counsel, Cynthia Lakeman, was ineffective for failing to file a notice of appeal as directed by Petitioner at the sentencing hearing and for failing to file an Anders brief if she believed that an appeal lacked merit; (2) counsel was ineffective for failing to object to the guideline enhancement of two levels for a firearm; and (3) counsel was ineffective for failing to furnish him with a copy of the Presentence Investigation Report, for failing to discuss its contents with him, and for failing to request specific performance with the plea agreement.

**A. Ground One: Failure to File a Notice of Appeal**

In his first ground for relief, Petitioner argues that counsel, Cynthia Lakeman, was ineffective for failing to file a notice of appeal as directed. The Court held an evidentiary hearing on this ground on September 28, 2012, after appointing the Federal Public Defender to represent Petitioner. At the hearing, the Court heard testimony from Petitioner and his trial attorney, Cynthia Lakeman.

It is well settled that "[a] lawyer who disregards a defendant's specific instructions to file a notice of appeal acts in a professionally unreasonable manner." Roe v. Flores-Ortega, 528 U.S. 470, 470 (2000). The same *per se* rule applies when a defendant has waived the right to appeal as

part of a plea agreement. See Gomez-Diaz v. United States, 433 F.3d 788, 790 (11th Cir. 2005). A defendant who waives the right to appeal in a plea agreement may claim ineffective assistance of counsel when counsel fails to follow an instruction to appeal, even when the defendant cannot assert a ground for appeal permitted under a plea agreement. Id. at 790. "If the evidence establishes either that Petitioner's attorney acted contrary to his client's wishes, or that he failed to fulfill his duty to attempt to determine his client's wishes, prejudice is to be presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver." Id. at 793; see also Patel v. United States, 252 F. App'x 970, 973 (11th Cir. 2007).

At the evidentiary hearing, Petitioner testified that he asked Lakeman to file an appeal twice during his sentencing hearing, once before being sentenced and once after he was sentenced. Conversely, Lakeman testified that she had several discussions with Petitioner prior to sentencing regarding the effect that pleading pursuant to a plea agreement with a waiver of appeal would have on his right to appeal and that Petitioner consistently maintained his position that he did not wish to pursue an appeal. Lakeman also testified that she and the Petitioner had several discussions about the fact that he could not get less than the 120 month mandatory minimum unless he cooperated; however, Petitioner did not wish to cooperate. Further, Lakeman testified that at the sentencing hearing, after the 120 month sentence was imposed, she asked Petitioner if he wanted her to file an appeal, and he responded "don't bother."

Petitioner also claims he made attempts to contact Lakeman after the sentencing hearing. In an affidavit attached to the §2255 motion, Petitioner avers "That on numerous occasions, I called counsel's office from the phone at the holding center and also at my designated prison to no avail as the secretary never entered the digit 1 to make the connection which is required for even a prepaid call." (CV Doc. No. 1; CR Doc. No. 34). However, at the hearing, he testified that he attempted to call Lakeman's office twice, but did not reach her and did not leave his

name. Lakeman testified she did not visit Petitioner or talk to Petitioner after the sentencing hearing and that had he called and identified himself, she would have accepted the call.

After hearing both Petitioner's and Lakeman's testimony regarding whether Petitioner directed her to file an appeal, the Court concludes that Petitioner has failed to present credible evidence that he directed Lakeman to file an appeal either at the sentencing hearing or by telephone thereafter. Because the plea agreement contained a waiver of appeal and because Petitioner received a mandatory minimum sentence, it was reasonable for Lakeman to assume Petitioner did not wish to appeal, especially when Petitioner responded "don't bother" when asked about appealing the sentence. Accordingly, this Court finds that Petitioner has not met his burden of showing counsel was ineffective for failing to file an appeal, because he has not shown that he directed her to do so.

### B. Ground Two: Firearm Enhancement

In his second ground for relief, Petitioner argues that counsel was ineffective for failing to object to the guideline enhancement of two levels for a firearm and that he is actually innocent of this enhancement. The Presentence Investigation Report recommended that the Court impose a two level increase for possession of a firearm, because several firearms were found in Petitioner's residence. The argument that counsel failed to object to the enhancement has no merit, as counsel did object to the firearm enhancement first to the probation officer as contained in the Addendum to the Presentence Investigation Report, and again to the Court at sentencing. (CR Doc. No. 35). Accordingly, this Court finds that the claim that counsel failed to object to the firearm enhancement at sentencing is simply not true. Petitioner has not met his burden of showing ineffective assistance of counsel under this ground for relief.

### C. Ground Three: Failure to Discuss Presentence Investigation Report

In the third ground for relief in his § 2255 motion, Petitioner argues that counsel was ineffective for failing to furnish him with a copy of the Presentence Investigation Report and failing to discuss its contents with him. This argument has no merit, as the Court specifically

asked Petitioner during the sentencing hearing whether he had an opportunity to read the Presentence Investigation Report and to go over it with his attorney. (CR Doc. No. 35, p. 4). Petitioner, under oath, responded affirmatively. The Court also asked Petitioner if he needed any more time to discuss anything with his attorney before the sentencing hearing began, and he responded no. (CR Doc. No. 35, p. 4-5).

Petitioner also contends that counsel was ineffective for failing to request specific performance with the plea agreement, which did not contain the two level enhancement for a firearm. The plea agreement is silent regarding a firearm enhancement or not seeking an enhancement, and therefore, there is nothing on which to base a request for specific performance. Accordingly, this Court finds that Petitioner has not met his burden of showing ineffective assistance of counsel under this ground for relief.

### III. Conclusion

Accordingly, for the reasons stated above it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion (CV Doc. No.1; CR Doc. No. 34) is **DENIED**. The Clerk is directed to enter judgment against Petitioner in the civil case and then to close that case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues

presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of October, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Fabian Yanez
Counsel of Record